# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | |
|---|---|---|
| of AMERICA, | : | CIVIL ACTION |
| | : | No. 11-237 |
| v. | : | |
| | : | CRIMINAL ACTION |
| ALPHONSE HOWARD | : | No. 07-021-1 |
| | : | |

**MEMORANDUM**

PRATTER, J.                                                                                              MAY 18, 2011

**INTRODUCTION**

Alphonse Howard continues his challenge to the below-Guidelines sentence for his drug distribution guilty plea convictions, now by way of a *pro se* § 2255 motion (Doc. No. 87) to vacate, set aside or correct the sentence imposed by this Court on December 3, 2008. The upshot of Mr. Howard's motion is that his trial counsel was ineffective by advising Mr. Howard to plead guilty while failing to explain to Mr. Howard that he was at risk of being found to be – and sentenced as – a career offender due to two earlier felony drug convictions. Mr. Howard also claims his counsel was ineffective for failing to prove that Mr. Howard's first conviction was for a misdemeanor rather than a felony.

The Court has reviewed the parties' respective filings, as well as the decision of the Third Circuit Court of Appeals affirming the sentence,[1] and the transcripts of Mr. Howard's April 7, 2008 plea hearing as well as of the two sentencing hearing sessions on September 9, 2008 and December 3, 2008. As a result, the Court concludes that Mr. Howard's motion may – and should – be denied without a hearing.

---

[1] Mr. Howard appealed the Court's application of career offender status to him as the Court undertook the sentencing process. The Court of Appeals affirmed the Court's career offender finding. *United States v. Howard*, 599 F.3d 269, 273 (3d Cir. 2010).

DISCUSSION

Mr. Howard's motion triggers the application of the test for ineffective counseling set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Briefly, under *Strickland*, Mr. Howard can succeed with his pending motion only if he shows (1) that his counsel's services were deficient in some serious and fundamental way, *and* (2) that the deficiency prejudiced Mr. Howard's defense so much that the result of Mr. Howard's criminal trial proceedings cannot be considered fair and reliable, i.e., but for counsel's allegedly deficient conduct, the result visited upon Mr. Howard would have been different. *Id.* at 687.

The Court is obliged to cast a "highly deferential" eye on counsel's performance, so much so that the inquiry starts with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. *See also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). In this case, even if the bar set by *Strickland* were not as high as it is, Mr. Howard's arguments would be unpersuasive.

Mr. Howard's argument that his counsel erred in counseling in favor of a guilty plea to the four drug-related counts in the superceding indictment (while leaving two gun charges for trial) misses the mark by a wide margin. Indeed, Mr. Howard's position is fatally at odds with reality. Understandably, Mr. Howard does not claim that he would have prevailed at trial on these counts if he had not entered a guilty plea, given that the evidence of his "marijuana growing operations" was certainly strong enough to make a guilty plea entirely sensible, even in the absence of a negotiated plea agreement. Not only did the Court confirm that Mr. Howard know full well that he had no plea agreement with the Government, but by reason of a lengthy colloquy with the Court at his plea hearing, Mr. Howard also knew there was a likelihood that the Government would advance an argument that he was a career offender based upon his prior

record. In fact, at his April 8, 2008 plea hearing, Mr. Howard was specifically warned before he entered his guilty plea that his offender status could subject him to a sentence of as long as 240 months in prison. N.T. 4/8/08 at 50-51. The Court took pains to underscore these, and other, risks for Mr. Howard before he made his plea decisions. Under the bright lights of the plea hearing, it ill behooves Mr. Howard to argue that his lawyer kept him in the dark about his sentencing risks. The record demonstrates that Mr. Howard was fully informed about the possibility that he would be found to be a career offender and could be sentenced to as long as 20 years in prison.[2]

Mr. Howard's other argument is that his lawyer was ineffective because he did not argue that Mr. Howard's 1999 conviction was not a felony, but was, instead, a misdemeanor.[3] The fact of the matter is like the proverbial sow's ear imagined as a silk purse: even if the argument had been made, it would not and could not have turned the 1999 conviction into a misdemeanor. The fact of the matter is, the documentary record from the state court concerning Mr. Howard's 1999 conviction supported the Court's conclusion then that this crime was a felony ("POSS W/I DELIVER") that subjected Mr. Howard to a penalty of as long as five years in prison – a felony without a doubt. It would simply have been folly for counsel to argue that the conviction was not a felony. Mr. Howard can show no prejudice as a result of his counsel not arguing that the 1999 conviction was a misdemeanor.

---

[2] *Cf. Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) ("an erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary," particularly where "defendant acknowledged when pleading that he was aware that he could be sentenced to [the maximum term of imprisonment]").

[3] The Court realizes that the manner of raising the issue as an ineffective assistance of counsel argument is but a thinly veiled effort to revisit a sentencing issue that has already made the appellate rounds and been rejected.

Because the Court concludes that Mr. Howard's arguments are without merit, the Court also concludes that no evidentiary hearing need be held. *Page v. Untied States*, 462 F.2d 932, 933 (3d Cir. 1972). The Court's confidence in this conclusion is bolstered by the Court's own direct knowledge of the guilty plea and sentencing hearings central to consideration of Mr. Howard's arguments. *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1077 (3d Cir. 1985). *See also United States v. Dawson*, 857 F.2d 923, 927-28 (3d Cir. 1988). Because the record unequivocally supports Mr. Howard's career offender status based on his documented criminal history, and because he had to know full well that the status would very likely be applied to him at the time of sentencing, there is no compelling basis for holding a hearing.

Accordingly, for these foregoing reasons, Mr. Howard's § 2255 Motion is denied by way of the accompanying order.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE